UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-20880-GAYLES/OTAZO-REYES

**ALTEX USA CORPORATION,**

        Plaintiff,

v.

**GONZALO FERNANDEZ DEL
CASTILLO QUINTANA,**

        Defendant.
_____/

# ORDER

**THIS CAUSE** comes before the Court on Defendant Gonzalo Fernandez Del Castillo-Quintana's Motion to Dismiss with Prejudice for Failure to State a Claim, or, in the Alternative, Motion to Dismiss or Stay Proceedings Pending Resolution of Related Foreign Lawsuit [ECF No. 19] ("Motion"). For the reasons that follow, the Motion is granted in part.

## BACKGROUND

### I.    Factual Allegations[1]

Plaintiff Altex USA Corporation ("Altex") is a distributor and broker of produce in the United States' market. From January 1, 2013, to September 21, 2017, Plaintiff employed Defendant Gonzalo Fernandez Del Castillo-Quintana ("Mr. Fernandez") in various managerial and supervisory positions. As part of his employment, Mr. Fernandez signed a copy of Altex's Employee Handbook (the "Handbook"). The Handbook prohibited employees from (1) copying, using, or transferring trade secrets or proprietary materials of the company without prior authori-

---

[1] As the Court is proceeding on a motion to dismiss, it takes the Complaint's factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

zation; (2) discussing or sharing the company's confidential or proprietary business information with anyone who does not work for the company; (3) using their positions with the company for private gain; and (4) working for competitors, conducting outside work, or using company property, equipment or facilities in connection with outside work while on company time. *See* ECF No. 1 at 66, 71-73. The Handbook also provides that its provisions "are not intended to create contractual obligations with respect to any matters it covers." *Id.* at 19.

During his employment with Altex, Mr. Fernandez utilized Altex's computers to access Altex's database. This database contained information about Altex's operations, including prior order history, historic sales and revenue information, and purchasing tendencies and contact information for customers ("Proprietary Information"). During most of his employment, Mr. Fernandez was authorized to access Altex's database as access was "required for legitimate business purposes." Compl. ¶ 13. However, Altex contends that Mr. Fernandez continued to access its database and download Proprietary Information leading up to and after his termination and that this access was unauthorized and served no useful business purpose to Altex. *Id.* Rather, Mr. Fernandez saved the Proprietary Information to another source and used that information to benefit his own company, a competitor of Plaintiff. The Complaint does not detail the type of computer Mr. Fernandez used, how he accessed the database and Proprietary Information, or whether the computer was connected to the internet.

## II. Procedural History

On November 13, 2017, Mr. Fernandez filed an action in Mexico before the Mexican federal labor court against Altex and several related Mexican entities and individuals. In the Mexican action, Mr. Fernandez alleges that the defendants terminated him without cause. He seeks reinstatement of his position or, if he is not reinstated, damages under Mexican labor law.

On March 8, 2018, Altex filed this action against Mr. Fernandez asserting claims for (1) Violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) Money Lent; (3) Breach of Contract; (4) Violation of the Florida Uniform Trade Secrets Act; (5) Conversion; and (6) Breach of Fiduciary Duty. Mr. Fernandez has moved to dismiss for failure to state a claim. In the alternative, Mr. Fernandez moves to dismiss or stay this action pending resolution of the Mexican Action.

## ANALYSIS

**I. Motion to Dismiss for Failure to State a Claim**

*Legal Standard*

To survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). However, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).
3

### A. Computer Fraud and Abuse Act

Under the CFAA, criminal penalties arise for "whoever . . . intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer." 18 U.S.C. § 1030(a)(2)(c). While the CFAA is primarily a criminal statute, a private civil action may be brought by "[a]ny person who suffers damage or loss by reason of a violation" of the CFAA, but only if the action meets a condition enumerated in subsection (c)(4)(A)(i). *Id.* § 1030(g). The relevant enumerated condition in this case is that there must have been a "loss . . . aggregating at least $5,000 in value." *Id.* § 1030(c)(4)(A)(i)(I).

In his Motion, Mr. Fernandez argues that (1) he did not access a computer without authorization or exceed authorized access and (2) Altex's computer and databases did not constitute a "protected computer" under the statute.

#### 1. Access

The Complaint alleges that Mr. Fernandez copied and deleted Propriety Information from an Altex computer just before and after his termination. The Complaint is unclear as to whether Altex withdrew authorization for Mr. Fernandez to access the computer immediately upon termination. As a result, the Complaint does not adequately allege that Mr. Fernandez's access was "without authorization." *See Agilysis, Inc. v. Hall*, 258 F. Supp. 3d 1331, 1341 (N.D. Ga. 2017) (finding that plaintiff failed to allege unauthorized access under the CFAA where "[p]laintiff has not alleged when, or if, it withdrew authorization for [p]laintiff to use Agilysis' computers after [p]laintiff announced his resignation"). However, to the extent Mr. Fernandez accessed the computer to copy Proprietary Information for his own use or to delete that information to the detriment of Altex, such access would have exceeded Mr. Fernandez's authorized use, regardless of whether Mr. Fernandez was still employed. *See U.S. v. Rodriguez*, 628 F.3d 1258, 1260 (11th Cir. 2010) (holding that defendant "exceeded authorized access and violated the Act when he

obtained personal information for a nonbusiness reason"); *see also Global Physics Solutions, Inc. v. Benjamin*, No. 17-60662-CIV, 2017 WL 6948721, *2 (S.D. Fla. Jun. 26, 2017) (holding that employee exceeded authorized access to company computer where he intentionally altered information to cause his employer to lose business); *Agilysis,* 258 F. Supp. 3d at 1342-43. Accordingly, the Court finds that Altex has sufficiently alleged that Mr. Fernandez exceeded his authorized access to Altex's computer.

## 2. Protected Computer

The CFAA defines "protected computer" as "a computer . . . which is used in or affecting interstate or foreign commerce or communication . . . ." 18 U.S.C. § 1030(e)(2)(B). Several courts in this district have held that allegations that the plaintiff uses its computers to conduct business nationwide or that the plaintiff uses its computers to conduct business via the internet are sufficient to satisfy the "protected computer" element of the statute. *See Lighthouse List Co., LLC v. Cross Hatch Ventures Corp.*, No. 13-60524-CIV, 2013 WL 11977916, * 6 (S.D. Fla. Aug. 13, 2013) (finding sufficient an allegation that plaintiff conducted business nationwide "by using its computers, computer systems, and databases."); *Continental Group, Inc. v. KW Property Management, LLC,* 622 F. Supp. 2d 1357, 1370 (S.D. Fla. 2009) (evidence adduced on motion for preliminary injunction established that plaintiff's computer was a "protected computer" because it was used to access the internet to communicate with a shareholder located in another state), *clarified on other grounds by Continental Group, Inc. v. KW Property Management, LLC*, No. 09-60202-CV, 2009 WL 3644475 (S.D. Fla. Oct. 30, 2009); *Global Physics*, 2017 WL 6948721 at *3 (finding sufficient an allegation that defendant "obtain[ed] information from a computer used in interstate commerce").

In the Complaint, Altex generally alleges that it distributes produce nationwide and that its computer system and database "comprise[] a protected computer that is used across state lines in

interstate and/or foreign commerce and communications." Compl. ¶¶ 4, 17. These allegations, merely parroting the statutory language, are insufficient to state a claim under the CFAA. The Court is aware that in today's business environment it is rare that a computer would not be connected to the internet to conduct business. However, the Court cannot simply assume that Mr. Fernandez used Altex's computer, while connected to the internet, to conduct Altex's business nationwide. Indeed, Altex makes no allegations regarding any internet connection or that Mr. Fernandez conducted business nationwide while using its computer. Accordingly, Altex's claim under the CFAA must be dismissed without prejudice. *See LaBovick and LaBovick, P.A. v. Simovitch*, No. 12-80061, 2012 WL 920767, *3 (M.D. Fla. Mar. 19, 2012) ("Although this is not a particularly high standard, the complete absence of any relevant allegations render the complaint deficient."); *Maintenx Management, Inc. v. Lenkowski*, No. 8:14-cv-2440-T-30MAP, 2015 WL 310543, *2 (M.D. Fla. Jan. 26, 2015) (dismissing claim where plaintiff only alleged the computer was a "protected computer" without more).

## B. Supplemental Jurisdiction

Having determined that the Complaint fails to state a claim under the CFAA, the Court must determine whether it is appropriate to exercise supplemental jurisdiction over the remaining state law claims. Pursuant to statute, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Because the CFAA claim here relates to Mr. Fernandez allegedly misappropriating Plaintiff's trade secrets, violating the employee handbook, and destroying infor-

mation on the computer, the Court finds that these claims all form part of the same case or controversy.[2]

Nevertheless, a district court "may decline to exercise supplemental jurisdiction over a [state] claim under [§ 1367(a)] if . . . the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* § 1367(c)(2). This provision allows for district courts to decline to exercise supplemental jurisdiction "when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (quoting *McNerny v. Neb. Pub. Power Dist.*, 309 F. Supp. 2d 1109, 1117–18 (D. Neb. 2004)). The Court finds that the array of state law claims against Defendant, including claims under Florida law for money lent, breach of contract, violation of the Florida Uniform Trade Secrets Act, conversion, and breach of fiduciary duty, substantially predominate over the single CFAA claim against Defendant. Thus, the Court declines to exercise supplemental jurisdiction over the state law claims in Counts II through VI.[3]

## II. Motion to Dismiss or Stay Proceeding Pending Resolution of Related Foreign Lawsuit.

In his Motion, Mr. Fernandez alternatively asks the Court to dismiss or stay this action pending resolution of the Mexican action. While the Court has dismissed Altex's federal claim and has declined to exercise supplemental jurisdiction over his state law claims, the Court ad-

---

[2] The Court notes that Altex's claim for money lent—pled with less than stellar particularity—does not appear to have any connection to its claim under the CFAA. In addition, Altex's claim for breach of contract, while related to the CFAA claim, appears to be barred by the express language of the Handbook which states that its provisions are not intended to create contractual obligations. ECF No. 1 at 19. However, because the Court declines to exercise supplemental jurisdiction over the state law claims, it does not address whether those claims are adequately pled.

[3] Plaintiff has not alleged that this Court has diversity jurisdiction nor does it appear from the face of the Complaint that the alleged damages satisfy the requisite amount in controversy.

7

dresses this alternative argument in the event Altex amends its Complaint with a properly pled CFAA claim.

"Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon them." *Turner Entm't Co. v. Degeto Film GmbH,* 25 F.3d 1512, 1518 (11th Cir.1994) (quoting *Colo. River Water Conser. Dist v. United States*, 424 U.S. 800, 817 (1976)). "Nevertheless, in some private international disputes the prudent and just action for a federal court is to abstain from the exercise of jurisdiction." *Id.* In addition to abstention, district courts have the power to stay their own proceedings pending the resolution of related proceedings, including those pending in foreign jurisdictions, to conserve judicial resources and efficiently manage their dockets. *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000); *In re Braga,* 789 F. Supp. 2d 1294, 1307 (S.D.Fla. 2011).

The international abstention doctrine governs whether a federal court should exercise jurisdiction over an action where parallel proceedings are ongoing in a foreign nation. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209 (11th Cir. 1999); *Turner Entm't*, 25 F.3d at 1518. The international abstention analysis, also applicable to a request to stay an action pending the resolution of a foreign proceeding, is guided by the following three factors*:* (1) international comity; (2) fairness to litigants; and (3) the efficient use of scarce judicial resources. *Turner,* 25 F.3d at 1518. "The critical question is whether the foreign proceeding is 'likely to have a substantial or controlling effect on the claims and issues in the stayed case.'" *Velarde v. HSBC Private Bank Intern.*, No. 13-22031-CIV, 2013 WL 5534305, *7 (S.D. Fla. Oct. 10, 2013) (quoting *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.,* 559 F.3d 1191, 1198 (11th Cir. 2009)). The decision to abstain from exercising jurisdiction or stay an action based on a foreign parallel proceeding "falls within the sound discretion of the district court." *Hale v. Fr. LURSSEN WERFT GmbH & Co,* No. 09-23787-CIV, 2010 WL 11601558, *2 (S.D. Fla. Apr. 26, 2010).

The Court finds that neither a dismissal nor a stay is warranted in this action. First, a stay will not further the goal of international comity. "General comity concerns include: (1) whether the foreign proceedings are the subject of fraud; (2) whether the foreign court is competent to hear the claims and will use fair and just proceedings in deciding the case; (3) whether the foreign proceedings are prejudicial in the sense of violating American public policy because it is repugnant to fundamental principles of what is decent and just; and, (4) the relative strengths of the American and foreign interests." *Id.* There is no concern that the Mexican action is the subject of fraud, the Mexican labor court is not competent or fair, or that the Mexican action is somehow repugnant to American public policy. However, this Court has a strong interest in deciding issues of United States law, namely the CFAA, based on facts which occurred in this district. Accordingly, based on the relative strength of this Court's interest in resolving the CFAA issues compared to the other general comity concerns, the Court finds that international comity goals weigh in favor of keeping this action in this district. Second, the Court finds that a stay would not promote fairness among the litigants as Altex is attempting to bring a claim under a United States statute. While Mr. Fernandez is a citizen of Mexico, he was working for a United States corporation in Miami when the allegedly improper activities occurred, and it is not clear to this Court that the Mexican court has jurisdiction to resolve all of the claims asserted in this action. Finally, while this Court certainly has one of the busiest dockets in the country, this consideration does not outweigh the international comity and fairness factors. Accordingly, the Court, in its discretion, declines to dismiss this action with prejudice or stay it pending resolution of the Mexican action.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Gonzalo Fernandez Del Castillo-Quintana's Motion to Dismiss with Prejudice for Failure to State a Claim, or, in the Alternative, Motion to Dismiss or Stay Proceedings Pending Resolution of Related Foreign Lawsuit [ECF No. 19] is **GRANTED in PART**. Count I is **DISMISSED** without prejudice and with leave to amend in this action. Plaintiff shall file its Amended Complaint as to Count I within ten (10) days of the date of this Order.

2. Counts II, II, IV, V, and VI are **DISMISSED without prejudice**. Plaintiff may refile those claims in state court.

3. Defendant's request for a stay of this action pending resolution of the action in Mexico is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of December, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE